IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARENCE GOSS, | :  CIVIL ACTION |
| | : |
| Plaintiff, | :  NO. |
| | : |
| v. | :  REMOVED FROM THE |
| | :  COURT OF COMMON |
| GOLDEN LIVINGCENTER – STENTON, | :  PLEAS OF |
| | :  PENNSYLVANIA, |
| Defendant. | :  PHILADELPHIA COUNTY, |
| | :  JANUARY TERM 2017, |
| | :  NO. 02589 |
| | : |

## NOTICE OF REMOVAL

Defendant, Golden Living Center – Stenton[1], hereby submits this notice of

removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  As grounds for removal,

Defendant states as follows:

1.     On April 25, 2017, Plaintiff, Clarence Goss, filed a Complaint in the

above-captioned matter, No. 170102589, in the Court of Common Pleas of

Philadelphia County.  Plaintiff sent the Complaint and related case initiation

documents by USPS Certified Mail dated April 25, 2017.  Copies of the relevant

process, pleadings, and orders served upon Defendant are attached hereto as

Exhibit "A".

2.     This notice of removal is timely pursuant to 28 U.S.C. § 1446(b), as it

---

[1] Golden Living Center – Stenton is a fictitious name owned by GGNSC Philadelphia, LP, further identified in
paragraph 5(a).

is being filed within thirty (30) days of Defendant's receipt or service of Plaintiff's Complaint.

3.     The Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

### Diversity Jurisdiction

4.     Plaintiff, Clarence Goss, resides at 7101 Old York Road, Philadelphia, PA  19126 and is a Pennsylvania citizen.  *See* Exhibit "A", Plaintiff's Complaint, at the introductory paragraph, not numbered.

5.     For diversity purposes, Defendant is a citizen of Delaware and California.  In particular:

      a.     GGNSC Philadelphia, LP d/b/a Golden Living Center – Stenton is a limited partnership.[2]  Its sole general partner is GGNSC Philadelphia GP, LLC; please see paragraph 5(b) herein.  Its sole limited partner is GGNSC Equity Holdings LLC, which is a citizen of Delaware and California; please see paragraph 5(e).

---

[2] In determining citizenship of a limited partnership, the court looks to the citizenship of the partners, including each of the limited partners. *Carlsberg Resources Corp. v. Cambria Savings and Loan Assoc.,* 554 F.2d 1254 (3d Cir. 1977).  The rationale is that a limited partnership is an unincorporated association and its citizenship is deemed to be that of the members composing the association. *Trent Realty Assoc. v. First Federal Savings & Loan Assoc.,* 657 F.2d 29, 32 (3d Cir. 1981) (citation omitted).

b.  GGNSC Philadelphia GP, LLC is a limited liability company. Its sole member is GGNSC Equity Holdings, LLC, which is a citizen of Delaware and California; please see paragraph 5(e). Therefore, GGNSC Philadelphia GP, LLC is a citizen of Delaware and California.

c.  GGNSC Holdings, LLC is a limited liability company.  Its sole member is Drumm Merger Co. Sub, LLC, which is a citizen of Delaware and California; please see paragraph 5(h).  Therefore, GGNSC Holdings, LLC is a citizen of Delaware and California.

d.  Golden Gate National Senior Care LLC is a limited liability company.  Its sole member is GGNSC Holdings, LLC, which is a citizen of Delaware and California; please see paragraph 5(c). Therefore, Golden Gate National Senior Care LLC is a citizen of Delaware and California.

e.  GGNSC Equity Holdings LLC is a limited liability company. Its sole member is Golden Gate National Senior Care LLC, which is a citizen of Delaware and California; please see paragraph 5(d).  Therefore, GGNSC Equity Holdings LLC is a citizen of Delaware and California.

f.   GGNSC Administrative Services, LLC, is a limited liability company.  Its sole member is GGNSC Holdings, LLC, which is a citizen of Delaware and California; please see paragraph 5(c). Therefore, GGNSC Administrative Services, LLC is a citizen of Delaware and California.

g.   GGNSC Clinical Services, LLC is a limited liability company. Its sole member is Golden Gate National Senior Care, LLC, which is a citizen of Delaware and California; please see paragraph 5(d).  Therefore, GGNSC Clinical Services, LLC is a citizen of Delaware and California.

h.   Drumm Merger Co. Sub, LLC is a limited liability company. Its sole member is Drumm Merger Co., which is a citizen of Delaware and California; please see paragraph 5(i).  Therefore, Drumm Merger Co. Sub, LLC is a citizen of Delaware and California.

i.   Drumm Merger Co. is a corporation organized under Delaware law with its principal place of business and nerve center in California.  Therefore, Drumm Merger Co. is a citizen of Delaware and California.

4

6.      Accordingly, there is diversity of citizenship between the parties.  28 U.S.C. § 1332(a)(1).

7.      The amount in controversy is generally decided from the complaint itself, and the court may rely on its own judgment as to the reasonable value of the rights being litigated.  *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (amount in controversy is measured by a reasonable reading of the value of the rights being litigated) (citations omitted); *Corwin Jeep Sales Services, Inc. v. Am Motors Sales Corp.*, 670 F.Supp. 591, 596 (M.D.Pa. 1986) (when complaint does not contain demand for specific monetary amount, court may look to petition for removal to make independent appraisal of the value of the claim).

8.      In the Complaint, Plaintiff alleges that, as a result of Defendant's conduct, Clarence Goss, suffered serious temporary and permanent injuries.  *See* Exhibit "B" at ¶¶ 7-40.

9.      Plaintiff also demands punitive damages in the Complaint.  *See id.* at ¶¶ 42-44.

10.      Thus, while Defendant denies any liability to Plaintiff, a reasonable reading of the Complaint establishes that Plaintiff seeks damages exceeding this Court's jurisdictional minimum of $75,000.00.

11.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and 1441(a).

12. Defendant is providing notice of filing this notice of removal to Plaintiff commensurate with this filing, and will also file a notice of filing notice of removal with the Court of Common Pleas of Philadelphia County, Pennsylvania promptly following the filing of the notice of removal with this Court as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant hereby removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,

Jacqueline M. Carolan, Esquire
Eric E. Reed, Esquire
Sasha E. Miller, Esquire
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291

*Attorneys for Defendant, Golden Living Center - Stenton*

Dated: May 26, 2017

## **CERTIFICATE OF SERVICE**

I, Eric E. Reed, counsel for Defendant, Golden Living Center - Stenton, do hereby certify that on May 26, 2017, I caused to be served upon the below listed counsel of record, a true and correct copy of the foregoing Notice of Removal and Disclosure Statements, via First-Class Mail:

Rhonda Hill Wilson, Esquire
Law Office of Rhonda Hill Wilson, P.C.
Two Penn Center Plaza – Suite 820
1500 John F. Kennedy Boulevard
Philadelphia, PA  19102

Eric E. Reed, Esquire
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291

*Attorney for Defendant, Golden
Living Center - Stenton*

# Exhibit A



 No Items in Cart  **LOGIN**

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

**Case ID:**        170102589
**Case Caption:**   GOSS VS GOLDEN LIVINGCENTER - STENTON
**Filing Date:**    Thursday , January 19th, 2017
**Court:**          MAJOR JURY-COMPLEX
**Location:**       City Hall
**Jury:**           JURY
**Case Type:**      MALPRACTICE - MEDICAL
**Status:**         LISTED FOR SETTLEMENT CONF

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|-------|-----------|------|----------|-------|
| PROJECTED SETTLEMENT CONF DATE | 05-NOV-2018 09:00 AM | City Hall | Courtroom 602, City Hall | NEW, ARNOLD L |
| PROJECTED PRE-TRIAL CONF. DATE | 07-JAN-2019 09:00 AM | City Hall | Courtroom 602, City Hall | NEW, ARNOLD L |
| PROJECTED TRIAL DATE | 04-FEB-2019 09:00 AM | City Hall | Courtroom 602, City Hall | NEW, ARNOLD L |

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|-------|-------|-----------|------|------|
| 1 |  |  | ATTORNEY FOR PLAINTIFF | HILL WILSON, RHONDA |
| **Address:** 1500 J.F.K. BLVD. SUITE 820 | | **Aliases:** | *none* | |

| | | | PHILADELPHIA PA 19102 (215)972-0400 |
|---|---|---|---|

| 2 | 1 | | PLAINTIFF | GOSS, CLARENCE |
|---|---|---|---|---|
| **Address:** | 7101 OLD YORK ROAD PHILADELPHIA PA 19126 | **Aliases:** | *none* | |

| 3 | 5 | | DEFENDANT | GOLDEN LIVINGCENTER - STENTON |
|---|---|---|---|---|
| **Address:** | 7310 STENTON AVENUE PHILADELPHIA PA 19150 | **Aliases:** | *none* | |

| 4 | | | TEAM LEADER | NEW, ARNOLD L |
|---|---|---|---|---|
| **Address:** | 606 CITY HALL PHILADELPHIA PA 19107 (215)686-7260 | **Aliases:** | *none* | |

| 5 | | | ATTORNEY FOR DEFENDANT | CAROLAN, JACQUELINE M |
|---|---|---|---|---|
| **Address:** | 2000 MARKET STREET, 20TH FLOOR PHILADELPHIA PA 19103 (215)299-2000 | **Aliases:** | *none* | |

| 6 | 5 | | ATTORNEY FOR DEFENDANT | REED, ERIC E |
|---|---|---|---|---|
| **Address:** | FOX ROTHSCHILD LLP 2000 MARKET ST 20TH FLOOR PHILADELPHIA PA | **Aliases:** | *none* | |

|  |  |  |  |  |
|---|---|---|---|---|
| 19103<br>(215)299-2000 |  |  |  |  |

## Docket Entries

| Filing<br>Date/Time | Docket Type | Filing Party | Disposition<br>Amount | Approval/<br>Entry Date |
|---|---|---|---|---|
| 19-JAN-2017<br>02:30 PM | ACTIVE CASE |  |  | 19-JAN-2017<br>02:32 PM |
| **Docket<br>Entry:** | E-Filing Number: 1701043871 | | | |
| | | | | |
| 19-JAN-2017<br>02:30 PM | COMMENCEMENT<br>CIVIL ACTION JURY | HILL WILSON,<br>RHONDA |  | 19-JAN-2017<br>02:32 PM |
| **Documents:** | ⚓ Click link(s) to preview/purchase the documents<br>Final Cover | | 🛒 **Click HERE to purchase all documents<br>related to this one docket entry** | |
| **Docket<br>Entry:** | *none.* | | | |
| | | | | |
| 19-JAN-2017<br>02:30 PM | PRAE TO ISSUE WRIT<br>OF SUMMONS | HILL WILSON,<br>RHONDA |  | 19-JAN-2017<br>02:32 PM |
| **Documents:** | ⚓ Click link(s) to preview/purchase the documents<br>Praecipe To Issue Writ of Summons.pdf<br>Writ-of-Summons.pdf | | 🛒 **Click HERE to purchase all documents<br>related to this one docket entry** | |
| **Docket<br>Entry:** | PRAECIPE TO ISSUE WRIT OF SUMMONS FILED. WRIT OF<br>SUMMONS ISSUED. | | | |
| | | | | |
| 19-JAN-2017<br>02:30 PM | SHERIFF'S<br>SURCHARGE 1 DEFT | HILL WILSON,<br>RHONDA |  | 19-JAN-2017<br>02:32 PM |
| **Docket<br>Entry:** | *none.* | | | |
| | | | | |
| 19-JAN-2017<br>02:30 PM | JURY TRIAL<br>PERFECTED | HILL WILSON,<br>RHONDA |  | 19-JAN-2017<br>02:32 PM |
| **Docket<br>Entry:** | 12 JURORS REQUESTED. | | | |
| | | | | |

| | | | | |
|---|---|---|---|---|
| 19-JAN-2017 02:30 PM | WAITING TO LIST CASE MGMT CONF | HILL WILSON, RHONDA | | 19-JAN-2017 02:32 PM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 25-JAN-2017 09:06 PM | AFFIDAVIT OF SERVICE FILED | | | 26-JAN-2017 10:20 AM |
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents Affidavit of Service | | **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S WRIT OF SUMMONS UPON GOLDEN LIVINGCENTER - STENTON BY PERSONAL SERVICE ON 01/24/2017 FILED. | | | |

| | | | | |
|---|---|---|---|---|
| 27-MAR-2017 12:32 PM | LISTED FOR CASE MGMT CONF | | | 27-MAR-2017 12:32 PM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 29-MAR-2017 12:34 AM | NOTICE GIVEN | | | 29-MAR-2017 12:34 AM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 25-APR-2017 10:09 AM | CONTINUANCE BY PLF GRANTED | GIAMPAOLO, ANTHONY | | 25-APR-2017 10:09 AM |
| **Docket Entry:** | APLF TO FILE COMPLAINT | | | |

| | | | | |
|---|---|---|---|---|
| 25-APR-2017 10:10 AM | LISTED FOR CASE MGMT CONF | | | 25-APR-2017 10:10 AM |
| **Docket Entry:** | *none.* | | | |

| | | | | |
|---|---|---|---|---|
| 25-APR-2017 10:10 AM | NOTICE GIVEN | | | 25-APR-2017 10:10 AM |
| **Documents:** | | | | |

| | ⚓ Click link(s) to preview/purchase the documents<br>CLNGV_12.pdf | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** |
|---|---|---|
| **Docket Entry:** | The case management conference for the above captioned matter has been rescheduled for Thursday, May 25, 2017, at 10:00 AM, at the Case Management Center, 613 City Hall, Philadelphia, PA 19107. There will be no further continuances. Counsel for plaintiff is directed to serve a copy of this notice on any unrepresented party and any attorney entering an appearance subsequent to the issuance of this notice. Counsel must be prepared to address all relevant issues. If in the interim the matter can be amicably resolved, please contact the case management unit at 686-3710. ARNOLD NEW, J. | |

| 25-APR-2017<br>03:02 PM | COMPLAINT FILED<br>NOTICE GIVEN | HILL WILSON,<br>RHONDA | | 26-APR-2017<br>09:02 AM |
|---|---|---|---|---|
| **Documents:** | ⚓ Click link(s) to preview/purchase the documents<br>Complaint.pdf | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF CLARENCE GOSS) | | | |

| 25-APR-2017<br>03:02 PM | JURY TRIAL<br>PERFECTED | HILL WILSON,<br>RHONDA | | 26-APR-2017<br>09:02 AM |
|---|---|---|---|---|
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |

| 27-APR-2017<br>12:30 AM | NOTICE GIVEN | | | 27-APR-2017<br>12:30 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 01-MAY-2017<br>09:49 AM | PRAECIPE-ATTACH<br>VERIFICATION | HILL WILSON,<br>RHONDA | | 01-MAY-2017<br>10:08 AM |
|---|---|---|---|---|
| **Documents:** | ⚓ Click link(s) to preview/purchase the documents<br>Praecipe To Substitute Verification.pdf | 🛒 **Click HERE to purchase all documents**<br>**related to this one docket entry** | | |
| **Docket Entry:** | PRAECIPE TO SUBSTITUTE/ATTACH VERIFICATION FILED. (FILED ON BEHALF OF CLARENCE GOSS) | | | |

| 08-MAY-2017 03:00 PM | CERTIFICATE OF MERIT | HILL WILSON, RHONDA | | 08-MAY-2017 03:17 PM |
|---|---|---|---|---|
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents<br>Certificate of Merit.pdf | | **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | CERTIFICATE OF MERIT AS TO DEFT GOLDEN LIVINGCENTER - STENTON IS FILED (FILED ON BEHALF OF CLARENCE GOSS) | | | |

| 24-MAY-2017 12:24 PM | ENTRY OF APPEARANCE | CAROLAN, JACQUELINE M | | 24-MAY-2017 12:35 PM |
|---|---|---|---|---|
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents<br>entry of appearances.pdf | | **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF JACQUELINE M CAROLAN AND ERIC E REED FILED. (FILED ON BEHALF OF GOLDEN LIVINGCENTER - STENTON) | | | |

| 25-MAY-2017 10:25 AM | CASE MGMT CONFERENCE COMPLETED | GIAMPAOLO, ANTHONY | | 25-MAY-2017 10:25 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 25-MAY-2017 10:25 AM | CASE MANAGEMENT ORDER ISSUED | | | 25-MAY-2017 10:25 AM |
|---|---|---|---|---|
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents<br>CMOIS_20.pdf | | **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | CASE MANAGEMENT ORDER-MEDICAL MALPRACTICE CASE AND NOW, 25-MAY-2017, it is Ordered that: 1. The case management and time standards adopted for Medical Malpractice cases shall be applicable to this case and are hereby incorporated into this Order. 2. All discovery on the above matter shall be completed not later than 06-AUG-2018. 3. Plaintiff shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial to all other parties not later than 04-SEP-2018. 4. Defendant and any additional defendants shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than 01-OCT-2018. 5. All pre-trial motions shall be filed not later than 01-OCT-2018. 6. A settlement conference may be scheduled at any time after 05-NOV-2018. Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:(a) A concise | | | |

summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant; (b) A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;(c) Defendant shall identify all applicable insurance carriers, together with applicable limits of liability. 7. A pre-trial conference will be scheduled any time after 07-JAN-2019. Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant; (b) A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial; (c) A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial; (d) Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other Unliquidated damages claimed; and (e) Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability; (f) Each counsel shall provide an estimate of the anticipated length of trial. 8. It is expected that the case will be ready for trial 04-FEB-2019, and counsel should anticipate trial to begin expeditiously thereafter. 9. All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order. BY THE COURT: ARNOLD NEW, J., TEAM LEADER

| 25-MAY-2017 10:25 AM | LISTED FOR SETTLEMENT CONF | | | 25-MAY-2017 10:25 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 25-MAY-2017 10:25 AM | LISTED FOR PRE-TRIAL CONF | | | 25-MAY-2017 10:25 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 25-MAY-2017 10:25 AM | LISTED FOR TRIAL | | | 25-MAY-2017 10:25 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 25-MAY-2017 10:25 AM | NOTICE GIVEN UNDER RULE 236 | | | 25-MAY-2017 01:47 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 25-MAY-2017 OF CASE MANAGEMENT ORDER ISSUED ENTERED ON 25-MAY-2017. | | | |
| | | | | |
| 26-MAY-2017 12:30 AM | NOTICE GIVEN | | | 26-MAY-2017 12:30 AM |
| **Docket Entry:** | *none.* | | | |

▶ Case Description      ▶ Related Cases      ▶ Event Schedule      ▶ Case Parties      ▶ Docket Entries

Search Home

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |
| **JANUARY 2017** |
| E-Filing Number: 1701043871 |
| **002589** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| CLARENCE GOSS | GOLDEN LIVINGCENTER - STENTON |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 7101 OLD YORK ROAD<br>PHILADELPHIA PA 19126 | 7310 STENTON AVENUE<br>PHILADELPHIA PA 19150 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
| --- | --- | --- |
| 1 | 1 | ☐ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☒ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
| --- | --- | --- | --- |
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce ☐ Settlement<br>☐ Minor Court Appeal ☐ Minors<br>☐ Statutory Appeals ☐ W/D/Survival |

CASE TYPE AND CODE

2M - MALPRACTICE - MEDICAL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED<br>PRO PROTHY**<br><br>JAN 19 2017<br><br>M. BRYANT | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |
| --- | --- | --- |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CLARENCE GOSS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| --- | --- |
| RHONDA HILL WILSON | 1500 J.F.K. BLVD.<br>SUITE 820<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
| --- | --- | --- |
| (215) 972-0400 | (215) 972-6756 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| --- | --- |
| 34813 | rhwilson@philly-attorney.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| --- | --- |
| *RHONDA HILL WILSON* | Thursday, January 19, 2017, 02:30 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

C.P.87

# Commonwealth of Pennsylvania
## CITY AND COUNTY OF PHILADELPHIA

**SUMMONS**
*CITACION*

CLARENCE GOSS

COURT OF COMMON PLEAS

Filed and Attested by the
Office of Judicial Records
JAN 2017 02:30 pm
M. BRYANT

January _____ Term, 20__

No. _____

*vs.*

GOLDEN LIVINGCENTER – STENTON

To[1]
GOLDEN LIVINGCENTER –
STENTON
7310 Stenton Avenue
Philadelphia, PA 19150

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante[2]*
CLARENCE GOSS

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _____

Date _____

170102589
JAN 2017 02:30 pm
M. BRYANT

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

10-208 (Rev. 8/00)

Case ID: 170102589

Case ID: 170102589

COURT OF COMMON PLEAS

January _____ Term, 20 17  No. _____

CLARENCE GOSS

vs.

GOLDEN LIVINGCENTER - STENTON

SUMMONS

*LAW OFFICE OF RHONDA HILL WILSON, P.C.*
*BY: Rhonda Hill Wilson, Esquire*
*Attorney I.D. No.34813*
*Two Penn Center Plaza - Suite 820*
*1500 John F. Kennedy Boulevard*
*Philadelphia, PA 19102*
*(215) 972-0400*

*This is Major Case*
*Jury Trial Demanded*
*Assessment of Damages and Attested by the*
*Hearing is Requested. Office of Judicial Records*
*JAN 2017 02:30 pm*
*M. BRYANT*

*Attorney for Plaintiff*
*Clarence Goss*

| | | |
|---|---|---|
| CLARENCE GOSS | : | COURT OF COMMON PLEAS |
| 7101 Old York Road | : | PHILADELPHIA COUNTY |
| Philadelphia, PA  19126 | : | |
| | : | |
| vs. | : | JANUARY TERM, 2017 |
| | : | |
| GOLDEN LIVINGCENTER - STENTON | : | |
| 7310 Stenton Avenue | : | No. |
| Philadelphia, PA 19150 | : | |
| | : | |
| | : | |

## PRAECIPE TO ISSUE WRIT OF SUMMONS

To the Prothonotary:

Kindly issue a Writ of Summons - Civil Action in the above-captioned matter.  Please

enter my appearance on behalf of the Plaintiff.  The amount in controversy is in excess of

$50,000.00.

DATED: January 19, 2017

Rhonda Hill Wilson, Esquire
Attorney for Plaintiff,
Clarence Goss

*LAW OFFICE OF RHONDA HILL WILSON, P.C.*
*BY: Rhonda Hill Wilson, Esquire*
*Attorney I.D. No.34813*
*Two Penn Center Plaza - Suite 820*
*1500 John F. Kennedy Boulevard*
*Philadelphia, PA 19102*
*(2150 972-0400*

*This is Major Case*
*Jury Trial Demanded*
*Assessment of Damages*
*Hearing is Requested*

*Attorney for Plaintiff*
*Clarence Goss*

| | | |
|---|---|---|
| CLARENCE GOSS | : | COURT OF COMMON PLEAS |
| 7101 Old York Road | : | PHILADELPHIA COUNTY |
| Philadelphia, PA  19126 | : | |
| | : | |
| | : | |
| vs. | : | JANUARY TERM, 2017 |
| | : | |
| | : | |
| GOLDEN LIVINGCENTER - STENTON | : | |
| 7310 Stenton Avenue | : | No. 2589 |
| Philadelphia, PA 19150 | : | |
| | : | |
| | : | |
| | : | |

---

## ***COMPLAINT IN CIVIL ACTION***
## ***2O - OTHER PERSONAL INJURY***

NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by  (20) entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  Your are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. dinero o sus propiedades u otros derechos importantes para usted.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.

IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL & INFORMATION SERVICE**
**ONE READING CENTER**
**PHILADELPHIA, PA.  19107**
**(215) 238-6333**
**PHILADELPHIA, PENNSYLVANIA  19107**
IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

RHONDA HILL WILSON, ESQUIRE
1500 J.F.K. BLVD., SUITE 820
PHILADELPHIA, PA 19102
215-972-0400

AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte dias, de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandes en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de este demanda.  Usted puede perder

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE SERVICIO, VAYA EN PERSONA O LLAME PRO TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASSOCIACION DE LICENCIADOS DE FILADELFIA**
**SERVICIO DE REFENCIA E INFORMACION LEGAL**
**ONE READING CENTER**

(215) 451-6197

*COMPLAINT IN CIVIL ACTION*
*2O - OTHER PERSONAL INJURY*

The Plaintiff Clarence Goss, presently residing at 7101 Old York Road, Philadelphia,

Pennsylvania 19126 by way of Complaint against the Defendant states as follows:

## FIRST COUNT

## CLARENCE GOSS vs. GOLDEN LIVINGCENTER - STENTON

1.      Plaintiff, Clarence Goss, was admitted to Golden Livingcenter - Stenton, a nursing

home located at 7310 Stenton Avenue, Philadelphia, Pennsylvania 19150 on or about July 15, 2015

and was a resident at said nursing home until December 21, 2015.

2.      Defendant, Golden Livingcenter - Stenton is a skilled nursing facility located in the

Commonwealth of Pennsylvania, located at 7310 Stenton Avenue, Philadelphia, PA 19150.

3.      The Defendant held itself out as a specialists in the field of adult nursing care with

the expertise necessary to maintain the health and safety of persons unable to care adequately for

themselves.  Plaintiff is asserting a professional liability claim against Defendant.

4.      The Defendant is engaged in the business of a health care providers and was

engaged in the business of providing nursing home care and services to the general public and

maintains a business in Philadelphia, Pennsylvania.

5.      The Defendant was under a contractual duty to provide reasonable and adequate

health care to Plaintiff, Clarence Goss, consistent with existing community standards.

6.      Plaintiff, Clarence Goss, was admitted to Golden Livingcenter - Stenton on July 15,

2015 in stable condition with the diagnosis of dementia, hypertension, diabetes mellitus, and a

below knee amputation.

7.      On July 17, 2015, Plaintiff Clarence Goss, was found on the floor.  No injuries

were noted in the nursing home records.

8.      On July 18, 2015, based upon a physical therapy assessment, Plaintiff Clarence

Goss, was noted to have difficulty in walking and lack of coordination with the Plaintiff being at

high risk for falls.  The assistance of two people was required for him to be transferred from his

bed to his wheelchair, as per his nursing plan of care.  Chair and bed alarms were to be used, as per

the nursing home records and his nursing plan of care.

9.      On July 20, 2015, an unspecified wound was found on an unspecified buttock of

Plaintiff, as per the nursing home records.

10.     On July 29, 2015, Plaintiff was found on the floor of the nursing home.  No injuries

were noted.  A plan of care initiated for impaired neurological status and safety risk.

11.     On August 21, 2015, Plaintiff is purported to have slid out of his wheelchair onto

the floor while in his room.  He was assessed with facial swelling along with swelling to right

eyelid and under right eye,  burst blood vessel in his left eye, blood shot right eye, and slight

swelling to the eyelid.

12.     On September 16, 2015, Plaintiff was assessed with a wandering risk and placed on

wander guard monitoring.

13.     On September 29, 2015, another fall is noted and Plaintiff is assessed redness to

inner right eye and ecchymosis with a lump in the right eye.

14.     On October 21, 2015, Plaintiff underwent his monthly physician assessment.  It is

noted that a bed rail, trunk restraint, or limb restraint were not being used while Plaintiff was in

bed, nor was a trunk restraint, limb restraint, or chair that prevents rising being used while Plaintiff

was in his wheelchair.

15.     On December 21, 2015, Plaintiff was transferred to Albert Einstein Medical Center

Case ID: 170102589

in Philadelphia, Pennsylvania due to altered mental status. Medical notes show Plaintiff to be very lethargic with no urine output, poor appetite, and poor verbal communication. Medical records again show that a bed rail, trunk restraint, or limb restraint were not being used while Plaintiff was in bed, nor was a trunk restraint, limb restraint, or chair that prevents rising being used while Plaintiff was in his wheelchair while in the nursing home.

16.    At Albert Einstein Medical Center, a CT scan of Plaintiff's head revealed an acute on chronic subdural hematoma. He was listed as critical condition. He was intubated and a cervical collar was placed. He was admitted to Surgical Intensive Care Unit for subdural hematoma where he underwent right burr hole drainage of the subdural hematoma with placement of a Jackson-Pratt Drain.

17.    At all times pertinent hereto, Plaintiff, Clarence Goss, was a resident of the above-named Defendant's nursing home pursuant to the terms of the Admission Agreement and, as such, was under the exclusive care and control of the Defendant and its agents, officers, servants and/or employees, specifically the medical director, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from July 15, 2015 to December 21, 2015.

18.    The Defendant and its agents, officers, servants and/or employees, specifically the medical director, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from July 15, 2015 to December 21, 2015 failed, refused and/or neglected to perform the duties to provide reasonable and adequate nursing and health care to and for Plaintiff, Clarence Goss, who was unable to attend to his own health and safety, specifically (a) failing to update Mr. Goss's plan of care when Mr. Goss's condition was declining; (b) failing to recognize Mr. Goss's decline in his

functional abilities; (c) allowing Mr. Goss to fall multiple times from July 15, 2015 to December 21, 2015; (d) failing to provide Mr. Goss with nursing supervision generally; and, (e) failing to transfer him if they could not properly care for him.

19.     The Defendant and its agents, officers, servants and/or employees, specifically the medical director, physicians, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from July 15, 2015 to December 21, 2015 negligently and carelessly provided care and treatment to Plaintiff, Clarence Goss, specifically allowing Mr. Goss to fall multiple times, develop pressure sores, and provide nursing assistance; and all of the alleged acts, omissions and occurrences herein described or performed by the Defendant, its agents, officers, servants and/or employees fell within the course and scope of their agency and employment with the Defendant and in furtherance of the Defendant's business.

20.     While Plaintiff, Clarence Goss, was a resident at the Defendant's facility, he sustained serious injuries, including an acute on chronic subdural hematoma, caused by the consequences of multiple falls at the Defendant's nursing home wherein Defendant failed to provide Plaintiff with adequate nursing care.

21.     The negligence of the Defendant and its agents, officers, servants and/or employees, specifically the medical director, physicians, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from July 15, 2015 to December 21, 2015 included, but was not limited to the following, to wit:

(a) Failure to hire a sufficient number of trained and competent staff;

(b) Violating Pennsylvania Regulations, specifically § 211.10(d) when

Defendant's agents, officers, servants and/or employees failed to prevent Mr. Goss's accidents and injuries from falling multiple times; § 211.12(a) (Defendant's agents, officers, servants and/or employees did not provide a sufficient number of staff necessary to meet Plaintiff's needs and prevent injury to Plaintiff), as well as OBRA regulations, including but not limited to: F-324 483.25(h)(2) Accidents, specifically the Defendant's failure to take preventative measures including, but not limited to, adequate supervision and implementation of safety procedures;

(d) Failure to adhere to the plan of care;

(e) Failure to take preventative measures;

(f) Failure to properly train employees to deal with nursing home residents who are unable to care for themselves;

(g) Failure to prevent Plaintiff from falling multiple times;

(h) Failure to provide nursing assistance and supervision;

(i) Failure to properly document Plaintiff Clarence Goss' nursing home chart.

22. As a direct and proximate result of the negligence of Defendant and its agents, officers, servants and/or employees, specifically the medical director, physicians, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from July 15, 2015 to December 21, 2015, Plaintiff, Clarence Goss, was caused to sustain serious personal injuries, endure great physical pain and mental anguish, become liable for extensive expenses for medical and hospital care and treatment of his injuries.

WHEREFORE, Plaintiff Clarence Goss, demands judgement against the Defendant in an amount in excess of $50,000.00 which will reasonably compensate him for the significant injuries,

pain and suffering and other damages sustained together with attorneys fees, interest and costs of suit.

## SECOND COUNT

## CLARENCE GOSS vs. GOLDEN LIVINGCENTER - STENTON

## NEGLIGENCE PER SE

23. Plaintiff, Clarence Goss, incorporates by reference paragraphs 1 through 22 of Plaintiff's Complaint as if the same were set forth at length herein.

24. This is a civil liability case in which it has become necessary for the Plaintiff to bring a lawsuit by reason of the profound neglect suffered by Plaintiff during his residency at Golden Livingcenter - Stenton, located at 7310 Stenton Avenue, Philadelphia, Pennsylvania 19150, which resulted in great physical and mental injuries. The serious bodily injuries sustained by the Plaintiff which make the basis of this lawsuit were proximately caused by the negligence and negligence per se of the Defendant and its agents, officers, servants and/or employees, specifically the medical director, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered acting in the course and scope of their employment.

25. At all times material to this lawsuit, statutory and regulatory duties imposed by the Commonwealth of Pennsylvania were in full force and effect that were designed to protect a class of persons, to wit: the nursing home residents of this Commonwealth, of which Plaintiff, Clarence Goss, was a member. As a member of such class, Clarence Goss was entitled to protection of these laws, namely the Pennsylvania Code and the rules and regulations promulgated thereunder as set forth in the Pennsylvania Administrative Code and the Code of Federal Regulations, specifically Pennsylvania regulations:

§ 211.10(d) when Defendant's agents, officers, servants and/or employees failed to prevent Mr. Goss's accidents and injuries from falling multiple times; and

§211.12(a) Defendant's agents, officers, servants and/or employees did not provide a sufficient number of staff necessary to meet Plaintiff's needs and prevent injury to Plaintiff, as well as OBRA regulations, including:

F-324 483.25(h)(2) Accidents, specifically the Defendant's failure to take preventative measures including, but not limited to, adequate supervision and implementation of safety procedures.

26.     This Defendant violated these fundamental laws and regulations on a routine basis engaging in a pattern and practice of conduct prohibited by law.

27.      Defendant  by and through its agents, officers, servants and/or employees, specifically the medical director, physicians, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered engaged in a pattern and practice of ongoing neglect. More specifically, Defendants, by and through their employees and agents, specifically the medical director, nursing administrator and assistant administrator, and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from July 15, 2015 to December 21, 2015 continually and repeatedly engaged in negligent conduct, which included:

(a) the continuing failure to provide sufficient numbers of staff to meet said resident's fundamental care needs, including adequate supervision to prevent injury and accident;

(b) repeated failure to hire and train appropriate personnel to monitor, supervise, and/or treat Clarence Goss;

(c) the systemic and ongoing retention of and assignment of unfit, unqualified, and

incompetent direct care and administrative staff;

(d) the ongoing failure to have sufficient staff to provide nursing and related services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident;

(e) the continuing failure to provide 24-hour nursing services from enough qualified nursing personnel to meet the total nursing needs of Clarence Goss;

(f) the ongoing failure to assure that nursing personnel, including nurse aides and orderlies, was sufficient to provide 24-hour nursing service, and was increased whenever necessary, to assure that each resident, including Clarence Goss, was protected from injury and to enhance the quality of life, dignity, and respect of each resident, including Clarence Goss;

(g) the repeated failure to prevent Clarence Goss from suffering pain as a result of preventable falls;

(h) the repeated failure to establish and implement appropriate corporate budgeting policies which were consistent with the needs of residents, including Clarence Goss, that Defendant had accepted and promised to care for in accordance with the minimum standards prescribed by the state and federal codes and regulations promulgated under such statutes;

(i) the continuing failure to establish and implement appropriate corporate safety, training, staffing, and fundamental nursing care policies to prevent harm to residents and avoid the known consequences of inadequate care, specifically failing to maintain a falls risk policy; and

(j) the callous disregard for the known dangers caused by Defendant's widespread and continued practice of under-staffing, thereby exposing Clarence Goss and other residents to life threatening conditions.

28.    Each and all of the aforementioned acts, both omission and commission constitute

negligence and negligence per se and were a direct and proximate cause of the incident made the basis of this suit and Clarence Goss's resulting injuries, and damages.

29.     Plaintiff avers that these regulations and statues set forth standards of care for the nursing home industry, and failure to adhere to these standards represent a deviation in the standard of care.

WHEREFORE, the Plaintiff, Clarence Goss, demands judgement against the Defendant  in an amount in excess of $50,000.00 which will reasonably compensate him for the significant injuries, pain and suffering, and other damages sustained, together with attorneys fees, interest and costs of suit.

**THIRD COUNT**

**CLARENCE GOSS vs. GOLDEN LIVINGCENTER - STENTON**

**NEGLIGENCE**

30.     Plaintiff, Clarence Goss, incorporates by reference paragraphs 1 through 29 of Plaintiff's Complaint as if the same were set forth at length herein.

31.     At all relevant times hereto, the Defendant, by and through its agents, officers, servants and/or employees, specifically the medical director, physicians, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from July 15, 2015 to December 21, 2015, knew or should have known that its residents were in need of particular care and supervision.

32.     At all relevant times hereto, the Defendant, by and through their agents, officers, servants and/or employees, specifically the medical director, physicians, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from July 15, 2015 to December 21,

2015, failed to exercise adequate care in the supervision of its residents, such as Plaintiff, Clarence Goss, to whom they owed such a duty, by failing to supervise, keep safe, and prevent accidents from occurring to such residents.

33.     As a direct and proximate result of the aforesaid carelessness, recklessness and negligence of the Defendant, Plaintiff Clarence Goss, sustained severe personal injuries of both a permanent and temporary nature, was forced to endure great pain and suffering, was forced to incur medical expenses in the care and treatment of said injuries.

WHEREFORE, the Plaintiff, Clarence Goss, demands judgement against the Defendant, in an amount in excess of $50,000.00 which will reasonably compensate him for the significant injuries, pain and suffering, and other damages sustained together with attorneys fees, interest and costs of suit.

**FOURTH COUNT**

**CLARENCE GOSS vs.  GOLDEN LIVINGCENTER - STENTON**

**CORPORATE NEGLIGENCE**

34.     Plaintiff, Clarence Goss, incorporates by reference paragraphs 1 through 33 of Plaintiff's Complaint as if the same were set forth at length herein.

35.     This is a civil liability case in which it has become necessary for the Plaintiff to bring a lawsuit by reason of the profound neglect suffered by Plaintiff, Clarence Goss, during his residency at Golden Livingcenter - Stenton, located at located at 7310 Stenton Avenue, Philadelphia, Pennsylvania 19150, on or about July 15, 2015 to December 21, 2015 resulting in great physical and mental injuries. The serious bodily injuries sustained by Plaintiff's decedent made the basis of this lawsuit and were proximately caused by the negligence and negligence per se of these named Defendant, by and through their agents, officers, servants and/or employees,

specifically the medical director, physicians, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical  or their agents, officers, servants and/or employees, specifically the medical director, nursing administrator, and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from July 15, 2015 to December 21, 2015, acting in the course and scope of their employment.

36.     At all times material to this lawsuit, statutory and regulatory duties imposed by the Commonwealth of Pennsylvania and the United States of America were in full force and effect that were designed to protect a class of persons, to wit: the nursing home residents of this Commonwealth and this country, of which Plaintiff, Clarence Goss, was a member. As a member of such class, Clarence Goss was entitled to protection of these laws, namely the Pennsylvania Code and the Code of Federal Regulations, and the rules and regulations promulgated thereunder, specifically but not limited to 28 Pa. Code § 211.5(f), §211.10(d), §211.11(a), and §211.12(a), as well as OBRA regulations, specifically, 42 CFR §483.10(b); §483.13 (c)(2); §483.15, §483.20(b)(1)(xii), §483.20(b)(2)(ii), §483.20(k), §483.20(h)(2), §483.25(c)(1), §483.30, §483.40(c)(1), §483.65, and §483.75(f).

37.     The Defendant  violated these fundamental laws and regulations on a routine basis, engaging in a pattern and practice of conduct prohibited by law.

38.     Defendant  by and through their agents, officers, servants and/or employees, specifically the medical director, nursing administrator, and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from July 15, 2015 to December 21, 2015, engaged in a pattern and practice of ongoing neglect. More specifically, Defendant  continually and repeatedly engaged in negligent conduct, which included:

(a) the continuing failure to provide sufficient numbers of staff to meet said resident's fundamental care needs, including adequate supervision to prevent injury and accident, including his need for assistance with ambulating, positioning, and transferring;

(b) the ongoing failure to properly supervise, monitor, observe, and assess Clarence Goss;

(c) repeated failure to hire and train appropriate personnel to monitor, supervise, and/or treat Clarence Goss;

(d) the systemic and ongoing retention of and assignment of unfit, unqualified and incompetent direct care staff;

(e) the ongoing failure to have sufficient staff to provide nursing and related services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident;

(f) the continuing failure to provide 24-hour nursing services from enough qualified nursing personnel to meet the total nursing needs Clarence Goss;

(g) the ongoing failure to assure that nursing personnel, including nurse aides and orderlies, was sufficient to provide 24-hour nursing service, and was increased whenever necessary, to assure that each resident, including Clarence Goss, was protected from injury and to enhance the quality of life, dignity, and respect of each resident, including Clarence Goss;

(h) the continuing failure to monitor Clarence Goss for signs and symptoms of pain, and to intervene and respond in a timely manner to the continuing presence of the same;

(i) the ongoing failure to obtain and provide timely and appropriate medical treatment and nursing intervention to Clarence Goss;

       (j) the repeated failure to notify the physician of significant conditions and changes in condition;

       (k) the continuing failure to follow physician's orders;

       (l) failure to report neglect as required by law;

       (m) the repeated failure to establish and implement appropriate corporate budgeting policies which were consistent with the needs of residents, including Clarence Goss, that Defendant had accepted and promised to care for in accordance with the minimum standards prescribed by the state and federal codes and regulations promulgated under such statutes;

       (n) the continuing failure to establish and implement appropriate corporate safety, training, staffing, and fundamental nursing care policies to prevent harm to residents and avoid the known consequences of inadequate care; and

       (o) the callous disregard for the known dangers caused by Defendant's widespread and continued practice of understaffing, thereby exposing Clarence Goss and other residents to life threatening conditions.

       39.    Defendant knew or should have known that these acts or omissions posed a serious threat to the safety and welfare of residents such as Clarence Goss. Defendant's conduct was not occasional or fortuitous, but rather was the natural and predictable result of the decisions made at the higher levels of Defendant's structure to maximize revenues and profits while at the same time reducing costs. Defendant's policies and financial decisions caused: a) repeated dangerous staffing levels at the facility, b) patient population needs that continuously and grossly exceeded the capacity of the limited number of care givers on duty; and, c) ongoing neglect of Clarence Goss.

       40.    Each and all of the aforementioned acts, both omission and commission, as well as those yet to be discovered, constitute negligence and negligence per se and were a direct and proximate

cause of the incident that makes the basis of this suit and resulting injuries and damages, including an acute on chronic subdural hematoma, as well as pain and suffering related thereto, physical pain and mental anguish, and extensive expenses for medical and hospital care and treatment.

WHEREFORE, the Plaintiff, Clarence Goss, demands judgement against the Defendant, in an amount in excess of $50,000.00 which will reasonably compensate him for the significant injuries, pain and suffering, and other damages sustained, together with attorneys fees, interest and costs of suit.

**FIFTH COUNT**

**CLARENCE GOSS vs.  GOLDEN LIVINGCENTER - STENTON**

**PUNITIVE DAMAGES**

41.     Plaintiff Clarence Goss incorporates by reference paragraphs 1 through 40 of Plaintiff's Complaint as if the same were set forth at length herein.

42.     The  Defendant, by and through its agents, officers, servants and/or employees, specifically the medical director, physicians, nursing administrator, and nursing staff, including but not limited to medical doctors, licensed practical nurses, registered nurses, and certified nurse assistants employed from July 15, 2015 to December 21, 2015, acted with reckless indifference to the interests of Clarence Goss by failing to provide assistance to Mr. Goss causing a serious wound to occur.  Such an act amounts to reckless disregard of an obvious danger with gross indifference to the Plaintiff Clarence Goss.

43.     Defendants knew of Clarence Goss's need for assistance, as documented in his medical records and nursing plan of care, and did not provide this assistance while he was in receipt of medical care from Defendants on or about July 15, 2015 to December 21, 2015, knowing he was at risk falls.

44.     The conduct of Defendant was reckless indifference in disregard of Plaintiff's

Case ID: 170102589

interests and it caused him significant injuries, pain and suffering, thus providing for an award of punitive damages.

WHEREFORE, the Plaintiff, Clarence Goss, demands judgement against the Defendant, in an amount in excess of $50,000.00 which will reasonably compensate him for the significant injuries, pain and suffering, and other damages sustained, together with attorneys fees, interest and costs of suit.

By: _____

Rhonda Hill Wilson, Esquire
Attorney I.D. #34813
Attorney for Plaintiff, Clarence Goss

Date:   April 25, 2017

Case ID: 170102589

## *VERIFICATION*

I, Rhonda Hill Wilson, Esquire hereby state that I am the attorney for the Plaintiff and verify that the statements made in the forgoing pleading are true and correct to the best of my knowledge, information and believe.  The undersigned understands that the statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsifications to authorities.

Rhonda Hill Wilson, Esquire
Attorney for Plaintiff

Dated: April 25, 2017

## *CERTIFICATE OF SERVICE*

I, Rhonda Hill Wilson, Esquire, hereby certify that a true and correct copy of the Complaint

in Civil Action was served via U.S.P.S. Certified Mail this 25st day of April, 2017, upon the

following:

> Golden Livingcenter - Stenton
> 7310 Stenton Avenue
> Philadelphia, Pennsylvania 19150

By: _____

Dated: April 25, 2017

Rhonda Hill Wilson, Esquire
Attorney for Plaintiff, Clarence Goss